Verna LAWSON, Appellant,

v.

Laura BUHL, Executrix, etc., et al.,
Appellees.

Court of Appeals of Kentucky.

Dec. 3, 1954.

T. E. Mahan, Williamsburg, Cleon K. Calvert, Pineville, for appellant.

C. B. Upton, Williamsburg, for appellees.

PER CURIAM.

This action combines certain features of a declaratory judgment proceeding and a settlement suit. The principal controversy concerns the sum of $1,451.21, which had been deposited in the Bank of Williamsburg in the name of the deceased, Isham Lawson.

In the Whitley County Court where the decedent's will was probated the appraisers reported this fund as a part of the decedent's estate, and by order of the Whitley County Court approximately all of it was set aside to appellant, decedent's widow, as her exemption under KRS 391.-030. Subsequently the executrix of the estate, one of the appellees, filed objections and exceptions to the appraisers' report and moved to set aside the order of the county court purporting to transfer this fund. Before the objections, exceptions, and motion were passed upon, the present suit was filed in the Whitley Circuit Court by the executrix in that capacity, and individually, and also by other parties. The widow and the bank were made defendants.

After a hearing on the merits, the Chancellor adjudged that the money in the bank was not that of the deceased but was a trust fund created for the purpose of paying doctors and hospital bills. Appellant, the widow, appeals on the ground that the circuit court had no jurisdiction to pass upon the issue presented because this proceeding constituted a collateral attack upon the order of the county court.

Assuming, without deciding, that the county court could properly in the first instance try the question of whether or not this bank account was the property of the decedent, it is obvious that the order of the county court was not binding upon the appellees in this action because they were not parties to the proceeding in the county court. (While the executrix may have been a party to that proceeding, as such, she was not a party in her individual capacity.) It is apparent to us that the ex-parte order of the county court did not purport to pass upon the issue presented in this suit, and certainly the order was ineffective to deprive appellees (and third-party beneficiaries) of their interest in this fund. It follows that the circuit

court had jurisdiction of the controversy. (It may be noted that the county court, subsequent to the judgment entered in this action, has set aside his order in conformity with the judgment entered in this case.)

For the reasons stated, the motion for appeal is denied and the judgment stands affirmed.